J-S24037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALIZE JONTE KOBALY | : | |
| | : | |
| Appellant | : | No. 29 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 4, 2024
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000493-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: September 10, 2025**

Alize Jonte Kobaly ("Kobaly") appeals from the judgment of sentence imposed following his jury convictions of possession of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and possession of drug paraphernalia.[1] We affirm.

On August 11, 2022, German Township Police Officer Tai Mickens ("Officer Mickens") conducted a traffic stop in Fayette County after identifying the driver, Kobaly, as the subject of an outstanding felony arrest warrant.

> When [Officer Mickens] reached the driver's door of the vehicle, the window was open and a strong odor of marijuana was emanating from the vehicle. [Officer Mickens] detained Kobaly and [the] passenger when Kobaly refused a search of the vehicle. Marijuana was found on the person of the passenger. The vehicle was towed to a secure location so that a search warrant could be obtained for the vehicle. [Officer Mickens] seized the cell phones of Kobaly and the passenger. A fanny pack in the possession of Kobaly was removed from [him] and placed inside of the vehicle.

_____

[1] **See** 35 Pa.C.S.A. § 780-113(a)(16), (a)(30), (a)(32).

Subsequently a search warrant was obtained for the vehicle. Located in the vehicle was a pistol[, (for which Kobaly had a concealed carry permit)], three baggies of marijuana (two of which were in shoes in the trunk of the vehicle), a digital scale, and [$423] in cash, in [$20] bills with three [$1] dollar bills.

The State Police lab expert tested the substance in the baggies located in the vehicle and each bag tested positive for marijuana with a total weight of [61.83] grams.

Trial Court Opinion, 2/28/25, at 1-3 (record citations omitted).[2]

On October 21, 2022, the police filed a criminal complaint charging Kobaly with possession of a controlled substance, PWID, and possession of drug paraphernalia. That same day, the police also filed an arrest warrant. Officers were unable to execute the warrant. On December 13, 2022, the magistrate court issued a fugitive warrant for Kobaly's arrest and entered it into the National Crime Information Center database ("NCIC"). The police were not able to locate and arrest Kobaly until January 21, 2023.

On January 23, 2023, the magistrate court scheduled Kobaly's preliminary hearing for January 24, 2023. However, the court rescheduled the preliminary hearing to February 22, 2023 due to the unavailability of a magistrate. On February 22, 2023, Kobaly requested a continuance due to his counsel's illness, and the court rescheduled the hearing for March 15, 2023. On March 15, 2023, Kobaly waived his preliminary hearing. On September 21, 2023, the Fayette County Public Defender ("Public Defender") entered its appearance on behalf of Kobaly. The case proceeded through

---

[2] For ease of review, when quoting the trial court's opinion, we have changed the trial court's references to the "Defendant" to "Kobaly."

pretrial motions, including Kobaly's filing of an omnibus pretrial motion on January 24, 2024, in which he alleged that the Commonwealth lacked sufficient probable cause to establish a *prima facie* case against him. The Honorable Mark Mehalov initially scheduled a hearing for February 20, 2024, but upon the Commonwealth's request for a continuance, rescheduled it for February 27, 2024. Following the hearing, Judge Mehalov denied the motion.

Kobaly filed three separate motions to dismiss pursuant to Pa.R.Crim.P. 600, each challenging the Commonwealth's diligence in bringing him to trial. In the first motion filed on March 4, 2024, Kobaly argued that the Commonwealth failed to exercise due diligence in locating and apprehending him, between the filing of the complaint on October 21, 2022 and his arrest on January 21, 2023. On March 20, 2024, after a hearing, the trial court denied the motion, finding it was premature because the 365-day period had not yet expired; the court calculated the expiration date as March 9, 2024.

On April 2, 2024, Kobaly's assistant public defender filed a motion to withdraw from representing him due to a conflict. The trial court permitted a change in counsel, and the Honorable Steve Leskinen entered an order on April 4, 2024, attributing the delay caused by the assistant public defender's withdrawal to Kobaly, and *sua sponte* continued the matter until the May term, which ended on May 10, 2024. Thereafter, Kobaly sought and received multiple continuances for trial preparation and due to defense counsel's scheduling conflicts, all of which the trial court attributed to Kobaly and excluded from Rule 600 time.

On September 10, 2024, Kobaly filed a second Rule 600 motion, merely asserting that, following the prior Rule 600 denial and appointment of new counsel, the Commonwealth failed to bring the case to trial "on the next available date." Motion to Dismiss Pursuant to Rule 600, 9/10/24, at 1. The motion did not identify any particular time period or the Rule 600 run date or allege that it had expired. That same day, the trial court entered an order continuing the case to the October 2024 term, which ended on October 10, 2024. In that same order, the trial court attributed the delay to Kobaly due to the filing of the Rule 600 motion. On November 19, 2024, the trial court denied the second motion, relying on the record and on Judge Leskinen's April 4, 2024 order, which attributed the delay caused by the appointment of new counsel to Kobaly.

On the eve of trial, December 3, 2024, Kobaly orally renewed his Rule 600 motion — his third — again asserting that the Commonwealth failed to exercise due diligence in apprehending him between October 21, 2022 and January 21, 2023. Kobaly acknowledged that he had previously raised the issue but claimed to have discovered new information that morning: secure docket entries showing the issuance of a fugitive warrant on December 13, 2022. Kobaly contended that he was unaware of the warrant and had not evaded arrest, and that the Commonwealth made no real effort to serve it. The trial court accepted stipulations as to the key dates — between October 21, 2022 and January 21, 2023. Kobaly expressly agreed that the only relevant timeframe for his current motion was the filing of the complaint to

the date of arrest. *See* N.T. (Rule 600 Hearing Proceedings), 12/3/24, at 3-11. Notably, at no point did Kobaly object to the trial court's repeated references to limiting the present Rule 600 inquiry to the period between October 21, 2022, and January 21, 2023. Nor did he file any subsequent motion challenging the trial court's review of that timeframe only.

At this hearing, the trial court heard testimony from German Township Police Chief Zachary Kodrick ("Chief Kodrick"), Officer Mickens, and Kobaly, regarding the efforts made to apprehend him pursuant to the fugitive warrant. The trial court denied the Rule 600 motion, and Kobaly's trial commenced the next day, on December 4, 2024.

The trial court summarized the Commonwealth's trial evidence:

> Testimony was presented that at a meeting at a District Magistrate's Office, unrelated to this case, . . . Kobaly requested [return of] his cell phone . . . that was confiscated on August 11, 2022. Kobaly admitted the cell phone taken was his and he wanted to know when it would be returned.

> The Commonwealth presented a Digital Forensic Examiner who testified to downloading calls from the cell phone removed from Kobaly. This amounted to [78,000] pages of information. Only eleven pages were referenced during the trial.

> [During Chief Kodrick's testimony, the Commonwealth presented text messages] from individuals to Kobaly and . . . the responses from his cell phone to these individuals. Some of these texts included requests to Kobaly if "you got weed" [*sic*] and the response from Kobaly's cell phone was "Yea, what you need." Chief Kodrick . . . testified that he reviewed the texts and information . . . which had been downloaded from Kobaly's cell phone. [Chief Kodrick] also testified that Kobaly was known "on the street" by the name ZayRacks [*sic*] which was the name used on the cell phone. (Alize, Kobaly's first name, is pronounced "a-lee-Zay.")

Detective [James] Garlick [("Detective Garlick")] testified as an expert about his review of the texts downloaded from Kobaly's cell phone. Detective Garlick testified that the text communications [presented at] trial involved discussions regarding the sale and transfer of marijuana, a controlled substance. He further testified that considering the totality of the evidence presented [—] the multiple baggies containing marijuana, the scale, the text messages, the denominations of the money Kobaly possessed, and the gun [—] were all indicators that Kobaly was engaged in the delivery of drugs and that he did not possess the drugs just for personal use.

Trial Court Opinion, 2/28/25, at 3-4 (record citations omitted).

We note that when the Commonwealth introduced the text messages sent from and received by Kobaly's cell phone, defense counsel objected to the text messages on hearsay grounds only. *See* N.T. (Criminal Jury Trial), 12/4/24, at 76. The court overruled counsel's objection and admitted the text messages into evidence. *See id*.

Kobaly did not present any evidence or testify on his behalf. The jury found him guilty of PWID, possession of a controlled substance, and possession of drug paraphernalia.[3]

Immediately thereafter, the trial court imposed a sentence of two to twenty-four months' incarceration, to run consecutively to a sentence previously imposed in an unrelated case. Kobaly did not file a post-sentence motion but filed a timely notice of appeal. Both Kobaly and the trial court complied with Pa.R.A.P. 1925.

---

[3] The jury found Kobaly not guilty of a second count of possession of drug paraphernalia, relating to the $423 cash recovered.

Kobaly presents the following issues for our review:

1. Whether the . . . trial court erred in not dismissing the case pursuant to Rule 600[.]

2. Whether the evidence presented was sufficient to support the guilty verdict of [PWID.]

3. Whether the trial court erred in allowing the officer to read text messages to the jury from the phone allegedly belonging to [Kobaly] to show [that he] was involved in drug activity[.]

Kobaly's Brief at 11.

In his first issue, Kobaly challenges the denial of his Rule 600 motion. Before reaching the merits of Kobaly's first claim, we must determine whether he has preserved it for our review. This Court has consistently

> held that claims not raised before the trial court are waived. It is well established that trial judges must be given an opportunity to correct errors at the time they are made. A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected. . . .
>
> In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e). It is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review.

**Commonwealth v. Spone**, 305 A.3d 602, 608-09 (Pa. Super. 2023) (some citations, quotation marks, and brackets omitted); **see also** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal).

Kobaly argues that his "case should have been called to trial on **or** [before] **April 1, 2024**." Kobaly's Brief at 12 (emphasis in original). Kobaly

contends that any delay after that date was attributable to the Public Defender's Office, which, he claims, failed to file a timely motion to continue and instead sought to withdraw from representation one day later, on April 2nd. Kobaly asserts that the resulting delay was not attributable to him because the trial court did not appoint new counsel until that same day, April 2, 2024. Furthermore, he maintains that any continuances granted after April 1, 2024, as well as the time between the September 10, 2024 filing of his second motion to dismiss, and the trial court's November 19, 2024 ruling, "are of no consequence since the case expired April 1, 2024." **Id**. at 14 n.1.

Kobaly further contends that: (1) the trial court erred in denying his third Rule 600 motion, which he orally presented December 3, 2024, on the eve of trial; (2) at that hearing, the trial court improperly focused on the period between the filing of the complaint on October 21, 2022, and his arrest on January 21, 2023; and (3) the trial court already accounted for this time period when the trial court first determined the Rule 600 expiration date was March 9, 2024.

First, we determine whether Kobaly has waived any claim that at the December 3, 2024 hearing, the trial court incorrectly focused on the period between the October 21, 2022 filing of the complaint and his January 21, 2023 arrest. The record demonstrates that Kobaly expressly confined his Rule 600 claim at the hearing to the period between the filing of the complaint and his

arrest. *See* N.T., 12/3/24, at 3–5, 9–11. Therefore, he has waived the theory he now presents on appeal.

Additionally, we conclude Kobaly has waived his claim that trial should have commenced by April 1, 2024. He failed to raise this specific argument in either of his two written Rule 600 motions or at the oral Rule 600 motion hearing. Consequently, Kobaly did not preserve this issue for appellate review. *See* Pa.R.A.P. 302(a); *see also Spone*, 305 A.3d 602, 608-09. Moreover, on appeal, Kobaly offers no specific argument regarding any period following April 1, 2024. Instead, he vaguely states in a footnote that any continuances after April 1, 2024 "are of no consequence[,]" thereby undermining his claim. Kobaly's Brief at 14 n.2; *see also* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"). As such, Kobaly's first issue merits no relief.

In his second issue on appeal, Kobaly challenges the sufficiency of evidence to support his PWID conviction. Our standard of review for a challenge to the sufficiency of the evidence is well settled:

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (citations

and quotation marks omitted).

Section 780-113(a)(30) of The Controlled Substance, Drug, Device and

Cosmetic Act provides in relevant part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

* * * *

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. §§ 780-113(a)(30).

The following principles govern the Commonwealth's burden of proof in

drug possession cases:

In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. Actual possession is proven by showing . . . [that the] controlled substance [was] found on the [defendant's] person. If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug.

*Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*)

(citations and quotation marks omitted).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have

- 10 -

defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820-821 (Pa. Super. 2013) (citation omitted).

In determining whether the Commonwealth proved the delivery element of PWID, this Court has stated:

When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash[.] Additionally, expert opinion testimony is also admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use. [We have held] that such expert testimony, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations and quotation marks omitted).

Kobaly argues that the Commonwealth failed to establish that the quantity of marijuana recovered, along with the surrounding circumstances, was indicative of an intent to distribute. Specifically, he argues that the Commonwealth failed to meet its burden of proof based on several factors: (1) no drugs were recovered from his person; (2) the quantity of marijuana — 61.83 grams — was not, in his view, a dispositive amount; (3) although the Commonwealth's expert testified that drug dealers often carry firearms, Kobaly lawfully possessed a firearm under a valid concealed carry permit; (4)

- 11 -

the officers were initially uncertain as to which cell phone belonged to him and only confirmed ownership after he asked them to return it to him at another magistrate court proceeding for an unrelated matter; (5) the $423 found on his person was not a large amount of cash or otherwise indicative of drug sales; and (6) the Commonwealth did not present evidence that the presence of packaging materials, rolling papers, and a scale demonstrated an intent to distribute. *See* Kobaly's Brief at 17-18.

In its opinion, the trial court reasoned that:

> In this case, some of the drugs were located in the trunk of a vehicle owned by Kobaly inside two shoes, and another baggie was in the passenger compartment. The location of the drugs in a vehicle owned and being operated by Kobaly along with the other factors provided proof that he had the power and intent to exercise control over the controlled substance establishing his constructive possession of the controlled substance. The fact that the controlled substance was located in an area of the vehicle usually accessible only to Kobaly, as the owner of the vehicle, leads to an inference that Kobaly placed it there and was aware of its presence[.]
>
> After obtaining a search warrant for the contents of the cell phone located on Kobaly's person and which he later informed [Officer Mickens] was his cell phone, the contents of the cell phone contained texts that clearly indicated that he was involved in delivering or selling the drug to third parties. While the amount located in his vehicle was insufficient in itself to establish intent to deliver, the totality of the circumstances were sufficient to establish the elements of the crime. As the marijuana was located inside torn baggies, the baggies and/or the presence of the scale to weigh the drugs established the crime of possession of paraphernalia and also provided circumstantial evidence that this was more than simple possession for personal use.
>
> The Commonwealth presented the testimony of police experts who testified that the contents -of the communication in the cell phone and the presence of scales, the gun, and the money were indictive of an intent to deliver rather than just personal use.

The Commonwealth presented sufficient evidence to establish each element of the crimes charged.

Trial Court Opinion, 2/28/25, at 6-7 (unnecessary capitalization omitted).

Viewed in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to support Kobaly's conviction for PWID. *See Walls*, 144 A.3d at 931; *see also Hopkins*, 67 A.3d at 820-821; *Koch*, 39 A.3d at 1001. The Commonwealth presented ample circumstantial evidence to support a finding of constructive possession and with the intent to deliver. Kobaly was operating a vehicle he owned when police recovered 61.83 grams of marijuana from it, packaged in three baggies — two concealed inside shoes in the trunk and one located in the passenger compartment. The police also recovered a digital scale, rolling papers, and $423 in cash, primarily in $20 bill denominations. Although Kobaly lawfully possessed a firearm under a concealed carry permit, the Commonwealth's expert testified that the presence of a firearm, cash in small denominations, packaging materials, and drug paraphernalia was consistent with drug distribution activity. Most significantly, incriminating text messages found on a cell phone recovered from Kobaly — and confirmed by him to be his — referenced ongoing drug transactions. Taken together, this evidence was sufficient to establish both constructive possession and intent to deliver. Accordingly, the Commonwealth met its burden to support Kobaly's conviction for PWID, and his sufficiency claim merits no relief.

In his third issue on appeal, Kobaly challenges the admission of the text message evidence. Our standard of review of such a claim is as follows:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Koch*, 39 A.3d at 1002 (citations omitted).

Hearsay is an out-of-court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule. *See* Pa. R.E. 801(c); *see also* Pa. R.E. 802.

Kobaly argues that the trial court erred in admitting text messages obtained from a phone recovered from his vehicle. Kobaly asserts that the text messages constituted inadmissible hearsay to prove that he "was engaged in drug activity.[4]

As Kobaly recounts in his brief, the trial court ruled, at trial, that the text messages were not hearsay because they were "verbal act[s]" and

_____

[4] Kobaly also asserts that the Commonwealth improperly attributed the messages to him and failed to authenticate them, relying on *Koch*, in which the Court held that the Commonwealth had not properly authenticated the defendant's text messages. However, he failed to object on authentication grounds at trial, raising only a hearsay objection. *See* Pa.R.A.P. 302(a); *see also Spone*, 305 A.3d at 608-09. Thus, we determine that Kobaly has waived this claim.

- 14 -

intended to "prove the existence of an oral contract." N.T., 12/4/24, at 76; *see also* Kobaly's Brief at 20.

On appeal, Kobaly does not address the trial court's reasoning, nor does he argue how the court erred in applying the law. Rather than confront the trial court's reasoning, Kobaly simply argues, without further explanation, that the text messages were hearsay.

As Kobaly fails to develop an argument specifically addressing the trial court's rationale or relevant hearsay principles, he has waived this issue.[5] *See* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); *see also Commonwealth v. Woodward*, 129 A.3d 480, 509 (Pa. 2015) (noting "[i]t is not the obligation of an appellate court to formulate appellant's arguments for him" and finding waiver where appellant failed to develop an argument); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (finding waiver where appellant failed to "provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review"). We therefore conclude that no relief is due on Kobaly's final issue and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Nichols joins.

---

[5] We thus offer no opinion on the merits of the trial court's reasoning.

- 15 -

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/10/2025